IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

TERRY W. EMMERT, )
)
    Plaintiff, ) TC-MD 180196R
)
   v. )
)
CLACKAMAS COUNTY ASSESSOR, )
)
    Defendant. ) **FINAL DECISION OF DISMISSAL**[1]

This matter came before the court on Defendant's Motion to Dismiss (Motion), contained in its Answer, on the ground that Plaintiff failed to appeal within the 30 days required by ORS 305.280(4).

A review of Plaintiff's materials shows the Order of the Board of Property Tax Appeals (BOPTA) was mailed to Plaintiff on March 19, 2018. The Complaint was filed on April 25, 2018. This interval is longer than the 30 days required by ORS 305.280(4), which states:

> "[A]n appeal to the tax court * * * from an order of a county board of property tax appeals shall be filed within 30 days after the * * * date of mailing of the order, date of publication of notice of the order, date the order is personally delivered to the taxpayer or date of mailing of the notice of the order to the taxpayer, whichever is applicable."

Plaintiff filed a response to the Motion on July 10, 2018, asserting that the BOPTA Order was received by Emmert Industrial Corp. on March 26, 2018, and was not delivered to Plaintiff until March 27, 2018. (Response at 1.) Plaintiff asserts that the 30 day period should not start until he actually received the Order. Plaintiff's argument is not persuasive. If the Legislature wanted to require actual notice, it could have done so. For example, ORS 305.280(1) provides

---

[1] This Final Decision of Dismissal incorporates without change the court's Decision of Dismissal, entered August 6, 2018. The court did not receive a statement of costs and disbursements within 14 days after its Decision of Dismissal was entered. *See* Tax Court Rule–Magistrate Division (TCR–MD) 16 C(1).

that "an appeal under ORS 305.275(1) or (2) shall be filed within 90 days after the act, omission, order or determination *becomes actually known to the person*, but in no event later than one year after the act or omission has occurred[.]" (Emphasis added.) The Legislature did not include a provision requiring actual notice to the taxpayer for an appeal from a BOPTA Order.

The deadline to appeal a BOPTA Order starts upon the "mailing of the order." ORS 305.280(4). Plaintiff has not presented any fact or argument which prevents the application of this statute. Defendant's Motion to Dismiss is granted. Now, therefore,

IT IS THE DECISION OF THIS COURT that Defendant's Motion to Dismiss is granted. Plaintiff's appeal is dismissed.

Dated this ____ day of August 2018.

<br>

_____
RICHARD DAVIS
MAGISTRATE

***If you want to appeal this Final Decision of Dismissal, file a complaint in the Regular Division of the Oregon Tax Court, by <u>mailing</u> to: 1163 State Street, Salem, OR 97301-2563; or by <u>hand delivery</u> to: Fourth Floor, 1241 State Street, Salem, OR.***

***Your complaint must be submitted within <u>60</u> days after the date of the Final Decision of Dismissal or this Final Decision of Dismissal cannot be changed. TCR-MD 19 B.***

***This document was signed by Magistrate Richard Davis and entered on August 24, 2018.***